## HENRY D. STONE *vs.* WILLIAM DICKINSON.

In an action brought to recover damages for wrongfully causing the plaintiff to be arrested upon a writ, and imprisoned thereon in jail for a long space of time, an answer which avers that during the whole time mentioned in the declaration the plaintiff was held in custody by the same officer, who arrested and detained him by order of divers other persons, and that such other persons have compensated and paid the plaintiff for said imprisonment, sets forth a full defence; and it is supported by proof that several different creditors, of whom the defendant was one, caused the plaintiff to be arrested at the same

time, by the same officer, and to be committed to jail where he was confined upon all of them at the same time, and that he executed to one of them a discharge under seal from all claim and demand for false imprisonment by reason of the arrest.

TORT. The declaration alleged that the defendant sued out a writ of capias against him, and on the 7th of June 1858 unlawfully and without right caused him to be arrested and imprisoned in the common jail, and held and detained him there from said 7th of June until the 10th of February 1860. The answer, amongst other things, averred that during the whole of the time mentioned in the declaration the plaintiff was held in custody by the same deputy sheriff and the same jailer who arrested and detained him on the writ mentioned in the declaration, by order of Oliver K. Earle and others, and by various other persons who were named; and that " the said persons have fully compensated and paid the plaintiff for said imprisonment, and there hath been full accord and satisfaction between the plaintiff and said persons severally for the same."

At the second trial in this court, before *Chapman*, J., the same facts appeared which were stated in the report of the former hearing in this case, in 5 Allen, 29, respecting the arrest and imprisonment of the plaintiff. Among the creditors who arrested the plaintiff were Fitch, Earle & Co., to whom the plaintiff, on the 8th of April 1861, executed the following discharge under seal :

" Value received I hereby discharge Dana H. Fitch, O. K. Earle and Willard Jones from all claim and demand for false imprisonment by reason of an arrest June 7th 1858, and for which a suit is now pending in S. J. Court, said suit to be entered N. P."

The judge ruled that this constituted a valid defence to the action, and a verdict was accordingly returned for the defendant. The plaintiff alleged exceptions.

*F. H. Dewey*, for the plaintiff. The discharge to Fitch, Earle & Co. does not discharge the present defendant from the plaintiff's claim of damages for the arrest. There is a distinction between an arrest and an imprisonment. And on each arrest, the debtor must be taken before a magistrate, by *St.* 1857, *c.* 141,

under which the arrest was made, for a separate adjudication. At that time, he may be said to be under a distinct arrest. The answer does not aver a discharge of the claim for the arrest. The plaintiff should have an opportunity to submit to a jury whether the consideration received by him was sufficient to compensate him for all the damages sustained by reason of his arrest and imprisonment.

*T. L. Nelson .& E. B. Stoddard,* for the defendant, were not called upon.

BIGELOW, C. J. The arrest and commitment to jail of the plaintiff, and his detention there on the several writs sued out against him, which were served simultaneously, constituted only one tortious act, and are the false imprisonment of which the plaintiff complains in his declaration. The arrest cannot be regarded as a distinct and separate wrong for which the plaintiff is entitled to damages. The whole was one transaction, and formed a single substantive cause of action only.

The answer sufficiently alleges that the plaintiff had received full satisfaction for this wrong from one of the joint trespassers, and had released and discharged the cause of action set out in the declaration. The evidence offered at the trial fully sustained this ground of defence. The amount of compensation which the plaintiff had received from one of the tort-feasors was wholly immaterial. It is a conclusive answer to this suit that he had by a release under seal discharged one of the persons who had joined in subjecting him to the false imprisonment alleged in the declaration. A release of one operated as a release of all. *Stone* v. *Dickinson,* 5 Allen, 29, and cases cited.

*Exceptions overruled.*